## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZAMAAN QURESHI,<br>    4200 Cathedral Ave NW<br>    Washington, DC 20016,<br><br>        Plaintiff,<br><br>        v.<br><br>SECURITIES AND EXCHANGE<br>COMMISSION,<br>    100 F Street NE<br>    Washington, DC 20549,<br><br>        Defendant. | Civil Action No. 23-1710 |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.   Plaintiff Zamaan Qureshi brings this action to compel defendant Securities and Exchange Commission (SEC) to produce information wrongfully withheld from a record sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552—the transcript of the February 19, 2019, SEC deposition of Mark Zuckerberg, Chief Executive Officer of Facebook. After initially withholding the entire document, the SEC eventually produced the record in part but invoked FOIA exemptions 4, 6, and 7(C) as its asserted basis for numerous redactions.

### JURISDICTION AND VENUE

2.   This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

3.   Plaintiff Zamaan Qureshi is a policy advisor at an advocacy coalition called the Real Facebook Oversight Board and the submitter of the FOIA request at issue in this case.

4.     Defendant SEC is an agency of the United States. The SEC has possession of and control over the record that plaintiff seeks.

## FACTUAL BACKGROUND

### *Facebook, Cambridge Analytica, and the SEC Investigation*

5.     Facebook, Inc. (now Meta Platforms, Inc.) was founded by its Chief Executive Officer Mark Zuckerberg and is the world's largest social networking company.

6.     Aleksandr Kogan, a former academic researcher, developed a personality quiz app called "This is Your Digital Life," which became available for use on Facebook. The app collected data about the Facebook users who installed it, including some information about those users' Facebook friends.

7.     In December 2015, it was reported that the company Global Science Research, which Kogan co-founded with researcher Joseph Chancellor, had sold the data of tens of millions of Facebook users, collected through the "This is Your Digital Life" app, to Cambridge Analytica, a firm that provided consulting services to political campaigns and candidates running for office.

8.     In March 2018, *The Guardian* and *The New York Times* reported that Cambridge Analytica had harvested the personal data of tens of millions of Facebook users. Later, it was reported that the personal data of up to 87 million Facebook users had been collected by Cambridge Analytica.

9.     The SEC commenced an investigation, *In the Matter of Facebook, Inc.*, No. SF-4223, into whether Facebook had violated provisions of the federal securities laws in connection with the improper transfer of Facebook user data to Cambridge Analytica. As part of its investigation, the SEC deposed Mr. Zuckerberg on February 19, 2019.

10.  In July 2019, the SEC announced charges against Facebook for making misleading disclosures regarding the risk of misuse of Facebook user data. The SEC also announced that Facebook had agreed to pay a $100 million penalty to settle those charges. *See* SEC, *Facebook to Pay $100 Million for Misleading Investors About the Risks It Faced from Misuse of User Data* (July 24, 2019), https://www.sec.gov/news/press-release/2019-140.

***Plaintiff's FOIA request***

11.  On November 30, 2021, plaintiff submitted a FOIA request to the SEC for Mr. Zuckerberg's "2019 deposition testimony related to the [SEC's] enforcement of charges regarding Cambridge Analytica." The request noted that the deposition transcript was referenced in a publicly available filing in *District of Columbia v. Facebook, Inc.*, No. 2018 CA 008715 B (D.C. Super. Ct.).

12.  By letter dated December 1, 2021, the SEC acknowledged receipt of the FOIA request and assigned it tracking number 22-00716-FOIA.

13.  By letter dated December 3, 2021, the SEC responded that it could "neither confirm nor deny the existence of any records responsive to [the] request." The letter stated that acknowledging the record's existence "could interfere with the personal privacy protections provided by FOIA Exemptions 6 and/or (7)(C)." The SEC's response letter provided plaintiff with the right to administratively appeal the SEC's response.

14.  Plaintiff submitted an administrative appeal of the SEC's response. The appeal explained that Facebook had confirmed the existence of the requested record—Mr. Zuckerberg's 2019 SEC deposition transcript—in a publicly available court filing. The appeal also contested the SEC's assertion of FOIA exemptions 6 and 7(C) to withhold the entire deposition transcript.

15. By letter dated February 3, 2022, the SEC's Office of the General Counsel responded to plaintiff's appeal. The Office of the General Counsel stated that it was "remanding this matter to the FOIA Office for further consideration and to search for the requested records," but noted that the record "may still be exempt from disclosure, in whole or part, pursuant to various FOIA exemptions."

16. On February 3, 2022, the SEC acknowledged the remand and assigned it tracking number 22-00038-REMD.

17. By email on February 9, 2022, plaintiff asked the SEC for an estimated date of completion of the request. The SEC responded on February 11, 2022, that it had "received the transcript and started [its] review" and "hope[d] to respond to [the] request" by the end of February.

18. On February 28, 2022, plaintiff requested an update on the status of the request. The SEC responded that the record was "subject to a request for confidential treatment" by the "submitter" and that the SEC "anticipate[d] receiving a response from the submitter by March 11, 2022." The SEC stated that "[t]he earliest" that it "could conceivably respond" to the request was "between March 14, 2022 and April 8, 2022."

19. Plaintiff requested updates on the status of his request on March 17 and 23, 2022. The SEC responded that it was reviewing "the company's substantiation." The SEC reiterated that the "earliest date" it could respond was between March 14 and April 8, 2022, but noted that its processing may "continue[ ] past this timeline due to the negotiation process, the company asks for an extension, etc."

20. From April to September 2022, plaintiff asked the SEC for updates on the status of the FOIA request several times. The SEC repeatedly postponed its estimated date of completion.

21. The SEC responded to plaintiff's request on December 7, 2022, by producing a redacted copy of a 203-page deposition transcript, but redacting information from that transcript on the asserted bases of FOIA exemptions 4, 6, 7(C), and 7(E). The SEC's response letter provided plaintiff with the right to administratively appeal.

22. Plaintiff submitted an administrative appeal of the SEC's response. The appeal challenged the SEC's assertions of FOIA exemptions 4, 6 and 7(C), pointing out that a number of the redactions clearly withheld information that had been publicly reported in the news media or was the subject of publicly available congressional testimony.

23. The SEC's Office of General Counsel responded to plaintiff's second administrative appeal on March 20, 2023. The Office of General Counsel determined that "an adequate review was not performed" by the SEC and, accordingly, remanded the request "for further review, including further consultation with Meta Platforms, Inc. concerning the applicability of Exemption 4."

24. By letter dated March 22, 2023, the SEC acknowledged the second remand and assigned it tracking number 23-00037-REMD.

25. The SEC has not produced the information wrongfully withheld from the requested record and has not provided an estimated date of completion.

26. Plaintiff has exhausted his administrative remedies.

## CAUSE OF ACTION

27. Plaintiff has a right under FOIA, 5 U.S.C. § 552(a)(3)(A), to records responsive to his FOIA request.

28. The SEC has no legal basis for withholding information in the requested record.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court:

    A.   Declare that the SEC's withholding of information from the requested record is unlawful;

    B.   Order the SEC to disclose the requested record, without redactions, to plaintiff without delay;

    C.   Award plaintiff his costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

    D.   Grant such other and further relief as this Court may deem just and proper.

Dated: 6/13/2023

                                                 Respectfully submitted,

                                                 /s/ Wendy Liu
                                                 Wendy Liu (D.C. Bar No. 1600942)
                                               Allison M. Zieve (D.C. Bar No. 424786)
                                               Public Citizen Litigation Group
                                               1600 20th Street NW
                                                 Washington, DC 20009
                                               (202) 588-1000

                                                 *Counsel for Plaintiff*